(24 Misc. Rep. 329.)

### JACOBUS v. VAN WYCK.[1]

(Supreme Court, Special Term, New York County. March, 1898.)

MUNICIPAL CORPORATIONS — EMPLOYES — REMOVAL — RIGHTS OF VETERANS — GREATER NEW YORK CHARTER.

Laws 1882, c. 410, § 865, provides that the commissioners of taxes and assessments shall appoint a board of assessors. Laws 1896, c. 821, provides that no person holding a position by appointment or employment, and receiving a salary or per diem, who is an honorably discharged soldier, shall be removed therefrom except for incompetency or misconduct shown. Laws 1897, c. 378 (Greater New York Charter) § 127, provides that all veterans in the service entitled to serve during good behavior, or who cannot be removed except for cause, shall be retained in like positions and in such way as the head of the department or the mayor may direct. Section 943 provides that the mayor shall appoint a board of assessors. Section 945 confers on the new board of assessors, as to the whole territory embraced in the city of New York, the same power and authority exercised by the former board. *Held*, that a veteran appointed a member of the board of assessors by the commissioners of taxes cannot be removed *without cause*, and is entitled to be retained and assigned to the new board of assessors, and this though he was not originally appointed under the civil service by competitive examination.

Application by John W. Jacobus against Robert A. Van Wyck, as mayor of the city of New York, for a peremptory mandamus requiring said mayor forthwith to assign the said petitioner to serve as a member of the board of assessors of the corporation of the city of New York. Peremptory writ granted.

Root, Howard, Winthrop & Stimpson, for petitioner.

John Whalen, Corp. Counsel, and Charles Blandy, Asst. Corp. Counsel, for the Mayor.

CHASE, J. The petitioner, John W. Jacobus, is a citizen of the United States, a resident of the city of New York, and a veteran of the army of the United States of America. He has never served in the Confederate army or navy. On the 20th of November, 1895, he was duly appointed a member of the board of assessors of the cor-

---

[1] Reversed on appeal. See 53 N. Y. Supp. 914.

poration known as the "Mayor, Aldermen, and Commonalty of the City of New York," by the commissioners of taxes and assessments of said city, acting under section 865 of chapter 410 of the Laws of 1882, and served as a member of said board, and faithfully performed his duties as such member, until January 1, 1898. Section 865 of said act, being the act known as the "Consolidation Act," provides as follows:

"The commissioners of taxes and assessments shall, from time to time, appoint four skillful and competent disinterested persons, citizens of the United States, and residents of the city of New York,·who shall constitute ·a board to be known as the board of assessors. * * *"

Chapter 821 of the Laws of 1896 provides, among other things, as follows:

"* * * And, no person holding a position by appointment or employment in the state of New York or of the several cities, counties, towns or villages thereof, and receiving a salary or per diem pay from the state or from any of the several cities, counties, towns or villages thereof, who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the war of the rebellion and who shall not have served in the Confederate army or navy, shall be removed from such position or employment, except for incompetency or misconduct shown, after a hearing upon due notice, upon the charge made. * * * But the provisions of this act shall not be construed to apply to the position of private secretary or deputy of an official or department or to any other person holding a strictly confidential position."

By chapter 378, Laws 1897, all the municipal and public corporations, and parts of municipal and public corporations, including cities, etc., but not including counties within certain particularly described territory, were annexed to, and united and consolidated with, the municipal corporation known as the "Mayor, Aldermen, and Commonalty of the City of New York," to be thereafter called the "City of New York." This act is known as the "Greater New York Charter," and section 127 thereof is as follows:

"All veterans either of the army or navy or the volunteer fire departments now in the service of either of the municipal and public corporations hereby consolidated, who are now entitled by law to serve during good behavior, or who can not under existing law be removed except for cause, shall be retained in like positions and under the same conditions by the corporation constituted by this act, to serve under such titles, and in such way as the head of the appropriate department or the mayor may direct."

Section 943 of this act provides:

"The mayor·shall appoint five persons, who shall constitute the board of assessors. * * *"

The board of assessors prior to the 1st day of January, 1898, under the "Consolidation Act," was composed of four persons, viz. Thomas J. Rush, Patrick M. Haverty, Edward McCue, and the petitioner, John W. Jacobus. The Greater New York charter went into effect January 1, 1898, and the mayor of the Greater New York appointed said Edward McCue·and Patrick M. Haverty, together with Edward K. Hill, Thomas A. Wilson, and John Delmore, assessors. The petitioner informed the mayor that he was a veteran of the army, and claimed that he was retained by the city of New York in the position of member of the board of assessors, provided for in sec-

tion 943 of the Greater New York charter, and offered to serve in such position, and requested the mayor to assign him to such position; but the mayor refused and neglected to assign the petitioner to serve in such or any position whatever. The position of assessor under the consolidation act, and that of assessor under the present charter, have never been among those included in the civil service rules, and the appointments have been made without competitive examination. It is contended by the corporation counsel that the petitioner is not included within section 127 of the Greater New York charter, for the reason that such section applies only to such veterans as are entitled to preference under the civil service rules, and has no application to positions not obtained by competitive examination. By reference to the "Veteran Acts," it will be found that they apply —First, to veterans who are seeking positions in the civil service; second, to veterans after they have obtained positions in the civil service. Chapter 821 of the Laws of 1896 gives to veterans a preference for appointment as therein provided, and also provides that "no person holding a position by appointment or employment" shall be removed, except for incompetence or misconduct, shown after a hearing upon due notice of the charge made. The court of appeals in the case of People v. Barker, in 149 N. Y. 607, 45 N. E. 1133, and Id., 1 App. Div. 532, 37 N. Y. Supp. 555, recognized Patrick M. Haverty, then assessor in New York under the consolidation act, as entitled to hold his position unless removed for cause, as provided by the veteran acts. It is true that the question whether an assessor, under the consolidation act, was protected from removal by reason of being a veteran, was not directly up for consideration in that case, yet the commissioners of taxes and assessments assumed that the relator in that proceeding was so protected, and proceeded under the veteran acts to remove him for alleged cause. The determination of the commissioners was reviewed by certiorari. There is not a word in the report in that case, by suggestion or otherwise, dissenting from the position assumed by every one connected with the case that the veteran acts applied to the position of assessor of the city of New York, and that an assessor did not come within the exceptions in such acts specified. The Haverty Case is a practical construction of the veteran acts. This authority, in which I acquiesce, brings me to the conclusion that the petitioner herein was entitled, under the consolidation act, to serve during good behavior, and that he could not have been removed, except for cause, at the time the Greater New York charter went into effect. He was therefore entitled to be retained in a like position by the head of the appropriate department, or the mayor, under the new charter, if there was a like position under such new charter to which he could be assigned.

Is the position of an assessor under the Greater New York charter a like position to that of assessor under the consolidation act? The assessor under the consolidation act and the assessor under the Greater New York charter have the same name. The salary is the same. Section 945 of the Greater New York charter confers upon the new board of assessors "as to the whole territory embraced in the city of New York, each and every power and authority conferred

upon and exercised by the board of assessors  *  *  *  of the corporation heretofore known as the mayor, aldermen and commonalty of the city of New York." The duties of the new board, therefore, are the same as the duties of the old board, except that their jurisdiction is somewhat extended, and the territory now includes all of the municipalities making up the Greater New York. They are now appointed by the mayor, instead of being appointed by the commissioners of taxes and assessments, as heretofore. In all essential particulars, the position of an assessor under the present charter is the same as the position of an assessor under the consolidation act.

The very first section of the Greater New York charter provides that the outlying municipalities enumerated "are hereby annexed to, united and consolidated with the municipal corporation known as the mayor, aldermen and commonalty of the city of New York." An examination of the Greater New York charter shows an intent on the part of the framers to assimilate, not only all of the territory, but also all of the offices and property, of the old municipalities, and thus carry along the new order of things with as little break from the old order as the circumstances would permit, and at the same time preserve to veterans in the service of the several municipal and public corporations their vested rights in the offices held by them under the statutes in force prior to the charter taking effect. From the very nature of things, no one office of the old municipality could be carried into the new municipality entirely unchanged in the work to be done. Every office, to some extent, had to be remodelled and readapted to the new condition of things and to the enlarged territory. In view of the intention of the framers of the new charter, the term "like positions" should not be construed to mean positions which are identical or exactly alike. As positions under the new charter cannot be exactly like those which they replace, the term "like positions" must have been used with reference to positions which it had been foreseen would be to some extent dissimilar to the positions then held by such veterans. In all essential particulars, the position of an assessor, under the present charter, is the same as the position of an assessor under the consolidation act. Section 127 is an express authoritative direction to the mayor or head of the appropriate department to retain veterans in like positions, and assign them to duty in like positions. It not only requires the mayor or head of the appropriate department to assign veterans to service in positions under the Greater New York charter, where such positions have been substantially continued by the provisions of the new charter, but it requires the mayor and head of the appropriate department to look around and find similar or like positions when the particular position theretofore held by the veteran has been entirely abolished and superseded by the new charter. The petitioner does not claim to be in a position which would entitle him to the salary of the office; neither does he claim that he is now rightfully a member of the board of assessors. In my judgment, it was the duty of the mayor, under section 127 of the Greater New York charter, to retain the petitioner in the position of an assessor under the new charter, and assign him to such position, and his fail-

ure to do so was a wrong that should be righted by mandamus. People v. Trustees of Village of Ballston Spa, 19 App. Div. 567, 46 N. Y. Supp. 564. The relator is without any other adequate remedy or means to redress the wrong.

Motion for peremptory mandamus granted, with $25 costs.